UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shirley Venus Shannon,

        Plaintiff,

v.                                                   Civil No. 10-1821 (JNE/JJK)
                                                   ORDER

Baxter Healthcare Corporation, Hospira, Inc.,
and Abbott Laboratories, Inc.,

        Defendants.

        In April 2010, Shirley Venus Shannon brought this action against Eli Lilly & Company and several unidentified entities. In October 2010, she filed an Amended Complaint against Baxter Healthcare Corporation, Hospira, Inc., and Abbott Laboratories, Inc. Abbott Laboratories and Hospira moved to dismiss the case for improper venue, *see* Fed. R. Civ. P. 12(b)(3); moved to dismiss the case for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6); and moved to transfer the case to the United States District Court for the Northern District of Illinois, Eastern Division, *see* 28 U.S.C. § 1404(a) (2006). After answering, Baxter Healthcare joined the motions of Abbott Laboratories and Hospira. Baxter Healthcare did not separately submit memoranda of law. Shannon opposed the motions, but she asserted that the case should be transferred to the United States District Court for the Western District of Tennessee, Western Division. For the reasons set forth below, the Court transfers this action to the Western District of Tennessee.

        The Court first considers whether this case should be dismissed for improper venue. *See* Fed. R. Civ. P. 12(b)(3). The defendant bears the burden of establishing improper venue. *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947). *See generally* 5B Charles Alan Wright &

1

Arthur R. Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2004) (noting split of authority as to who bears the burden in a Rule 12(b)(3) motion).  The applicable venue statute states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2006).  In their initial memorandum of law, Abbott Laboratories and Hospira asserted that the Northern District of Illinois is an appropriate venue under § 1391(a)(1) because the three defendants reside in Illinois near Chicago, they contended that they are unable to discern from the Amended Complaint an appropriate district under § 1391(a)(2), and they maintained that § 1391(a)(3) is inapplicable because the Northern District of Illinois is an appropriate venue.  Abbott Laboratories and Hospira did not mention 28 U.S.C. § 1391(c), which states: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

Abbott Laboratories and Hospira did not move to dismiss for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  Consequently, they waived the defense.  *See* Fed. R. Civ. P. 12(h)(1)(A); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) ("Though venue and personal jurisdiction involve some of the same factors, a motion challenging venue is not effective to preserve the issue of personal jurisdiction.").  Although Baxter Healthcare stated in its answer that "[t]his Court lacks personal jurisdiction over this case," Baxter Healthcare did not contest personal jurisdiction in joining Abbott Laboratories and Hospira's motion.  *Cf. Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (stating that defense of lack of personal jurisdiction may

be waived by failing to seasonably assert it, notwithstanding the defense's assertion in an answer). Under these circumstances, the Court concludes that Abbott Laboratories, Hospira, and Baxter Healthcare failed to demonstrate that they do not reside in the District of Minnesota for purposes of § 1391. *See Eagle's Flight of Am., Inc. v. Play N Trade Franchise, Inc.*, Civ. No. 10-1208, 2011 WL 31726, at *3 & n.2 (D. Minn. Jan. 5, 2011). Thus, the Court declines to dismiss this action for improper venue.

The Court next considers whether to transfer this action under 28 U.S.C. § 1404(a). As noted above, Abbott Laboratories, Hospira, and Baxter Healthcare moved to transfer this action to the Northern District of Illinois. In response, Shannon agreed that the action should not proceed in the District of Minnesota, but she asserted that it should be transferred to the Western District of Tennessee.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding a motion to transfer venue, a district court is not limited to consideration of the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.*

The Court first considers the convenience of the parties. A transfer of this action to the Northern District of Illinois will be more convenient to Abbott Laboratories, Hospira, and Baxter Healthcare because their principal offices are near Chicago. A transfer of this action to the Western District of Tennessee will be more convenient to Shannon because she resides in

Memphis, Tennessee.  Having brought this action in the District of Minnesota, however, Shannon states that "she will not argue this factor as significant."

The Court next considers the convenience of the witnesses.  Considerations relevant to this factor include the number of essential nonparty witnesses, their location, and the preference for live testimony. *Graff v. Qwest Comm'cns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). This factor is not a contest between the parties as to which one presents a longer list of witnesses located in the potential districts. *Id.* at 1121-22.  The party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover. *Id.* at 1122.  The court must examine the materiality and importance of the anticipated witnesses' testimony and determine whether the forum is convenient for them. *Id.*  In their memoranda, Abbott Laboratories and Hospira argued generally that "any current or former employee witnesses of the corporate defendants will likely reside in the greater Chicago area" and that "witnesses and documentation related to vancomycin products for Abbott and Hospira are most likely to be located in Lake Forest, Illinois and possibly Abbott Park, Illinois." Shannon identified her treating physicians, stated that they reside in Tennessee, and generally described the substance of their anticipated testimony.  Based on the limited information about potential witnesses submitted by the parties, the Court concludes that this factor favors a transfer to the Western District of Tennessee.

Finally, the Court is not persuaded that the factors relevant to the interests of justice heavily favor one district over the other. *See Terra Int'l*, 119 F.3d at 696.  The issue that received the most attention in the motion papers is the applicability of Illinois law or Tennessee law to the substantive issues of the case.  Both the Northern District of Illinois and the Western

4

District of Tennessee are fully capable of resolving this dispute and applying the law of either Illinois or Tennessee.

In conclusion, the Court observes that either the Northern District of Illinois or the Western District of Tennessee appears to be an appropriate venue.  *Cf. Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 WL 2985719, at *2 (D. Minn. July 26, 2010) ("*Any* state with *any* connection to this lawsuit would be more convenient than Minnesota.").  Having considered the convenience of the parties, the convenience of the witnesses, and the interests of justice, the Court transfers this action to the Western District of Tennessee under § 1404(a).[1]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motions to transfer [Docket Nos. 42 & 54] this action to the United States District Court for the Northern District of Illinois, Eastern Division, are DENIED.

2. Defendants' motions to dismiss [Docket Nos. 44 & 53] are DENIED insofar as Defendants assert that venue is improper.  The Court otherwise expresses no opinion on the motions.

3. This action is transferred to the United States District Court for the Western District of Tennessee, Western Division, for further proceedings.

4. The Clerk of Court is directed to effect the transfer.

Dated:  April 5, 2011

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge

---

[1] Except as to the assertion that venue is improper, the Court expresses no opinion on the arguments to dismiss the Amended Complaint.